UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

WENDY WARREN,

    Plaintiff,

v.

GENPAK LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, WENDY WARREN ("Ms. Warren" or "Plaintiff"), brings this action for gender discrimination and retaliation in violation of Title VII and the Florida Civil Rights Act, at Chapter 760, FLA. STAT. ("FCRA"), and for retaliation in violation of Section 440.205, Florida Statutes ("WCR"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and Plaintiff's attorneys' fees and costs.

### JURISDICTION

2. This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law.

3. This Court has supplemental jurisdiction over the FCRA and WCR claims as they out of the same operative facts and circumstances as her federal Title VII claims.

4. The actions giving rise to this lawsuit occurred in Highlands County, Florida.

### VENUE

5. Venue is proper because Defendant conducts substantial business in Highlands

County, Florida, and Plaintiff worked for Defendant in Highlands County, Florida, where the actions at issue took place.

## PARTIES

6. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and Title VII because:

   a. She is a female employee who suffered gender-based harassment/discrimination and retaliation because of her sex/gender by Defendant;

   b. She suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of belonging to this protected category; and

   c. Plaintiff also was retaliated against and fired for opposing Defendant's illegal and discriminatory workplace practices.

7. Defendant was at all material times an "employer" as envisioned by the FCRA and Title VII because it employed in excess of fifteen (15) employees.

8. Defendant is foreign profit corporation that operates a polystyrene foam manufacturing company in, among other places, Highlands County, Florida.

## CONDITIONS PRECEDENT

9. Plaintiff, on or about February 20, 2019, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant.

10. More than 180 days have passed since the dual filing of her Charge, and Plaintiff's FCRA claims are ripe.

11. Plaintiff received her Right to Sue letter from the EEOC on August 31, 2020.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Ms. Warren was hired by Defendant as a Forklift Operator on September 24, 2017.

15. Immediately upon commencement of her employment, Ms. Warren was subjected to gender discrimination at the hands of Genpak Trainer, James Sanders ("Mr. Sanders"), and Genpak Supervisors, Fred Howard ("Mr. Howard"), "Andre," and "Sergio."

16. Ms. Warren was made aware by Mr. Sanders, Mr. Howard, Andre and Sergio, that Genpak's upper management/executives customarily opposed the hiring of female Forklift Operators.

17. Additionally, Mr. Sanders, on multiple occasions, remarked to Ms. Warren, "you're trying to do a man's job. Women are supposed to be positioned in packing."

18. Ms. Warren objected to the foregoing discriminatory comments to upper management.

19. Shockingly, following the foregoing discriminatory (and ongoing) comments made to Ms. Warren by Genpak management, and her objections to same, Ms. Warren was demoted to a 'Packer' position and her hourly rate was reduced by $2/hour.

20. Following her discriminatory demotion, Ms. Warren objected to Genpak management on many occasions, to no avail.

21. With no other choice, Ms. Warren worked diligently in her Packing position for the next six (6) months.

22. Over the course of her six (6) months as a Packer, Ms. Warren witnessed male employees being hired to fill forklift positions at Genpak, all of which were hired with little to no experience in operating a forklift, but nonetheless received substantially higher pay than Ms. Warren.

23. This is clear evidence of continued disparate and illegal treatment based on sex.

24. Eventually, Genpak conditionally reinstated Ms. Warren as a Forklift Operator and was advised that she would be given a performance review following her thirteenth shift.

25. However, Ms. Warren never received the performance review because shortly upon Mr. Howard discovering she had operated a forklift, Genpak once again removed Ms. Warren from said position.

26. On or around April 17, 2018, shortly after Ms. Warren's transfer back to the Forklift Operator position, and immediately upon Mr. Howard's discovery of same, Mr. Howard, without hesitation and in a very angry tone, yelled to Ms. Warren, "Who put you back on the forklift?"

27. Ms. Warren immediately objected to her immediate supervisor, Mr. Larue, regarding the foregoing discriminatory actions.

28. Ms. Warren's objections constituted protected activity under Title VII and the FCRA.

29. Once again Genpak replaced Ms. Warren with a male employee for her position as a Forklift Operator.

30. In response to Ms. Warren's many objections to the discriminatory demotion, Genpak repeatedly assured her that all forklift positions were filled and that was the reason for her transfer away from forklift operating, yet following all of her transfers, and in the midst of same, many male employees were hired for forklift positions.

31. Ms. Warren's foregoing objections to the disparate treatment attributed to her gender were considered "protected activity" under Title VII and the FCRA.

32. On or around June 21, 2018, Ms. Warren reported to her supervisor, Kurt Larue ("Mr. Larue") that she suffered a workplace injury.

33. Ms. Warren did not receive a response from Mr. Larue regarding her notice of a workplace injury.

34. Therefore, on or around June 25, 2018, she made an appointment to see her own foot specialist.

35. Following her appointment, Ms. Warren's medical provider recommended light duty work for three (3) weeks.

36. Upon Ms. Warren submitting her need for light duty work, Genpak refused to accept it and informed Ms. Warren that she needed to return to work with zero restrictions and would not be allowed to do so until she provided the necessary documentation.

37. Fearing she would lose her job for having medical restrictions, Ms. Warren went back to her medical provider and obtained a doctor's note to allow her to return to full duty.

38. On or around June 29, 2018, after Ms. Warren presented to Genpak documentation from her medical provider allowing her to return to full duties, Ms. Warren was told she was not allowed to work until she submitted to a drug test, which she submitted immediately that day.

39. On or around July 6, 2018, Ms. Warren was told to visit Genpak's workers' compensation doctor, Dr. Roger Arumugam, which she complied and did so that same day.

40. Shortly after, on July 13, 2018, Genpak terminated Ms. Warren.

41. Plaintiff's termination of employment was for pretextual and discriminatory reasons based on Plaintiff's gender/sex, in retaliation for her complaints regarding same, and in retaliation for exercising her workers' compensation rights.

42. By reason of the foregoing, Defendant's actions violated Title VII, the FCRA, and WCR.

43. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

44. Defendant does not have a non-discriminatory rationale for allowing and participating

in the discrimination and retaliation suffered by Plaintiff.

## COUNT I
## GENDER BASED DISCRIMINATION IN VIOLATION OF TITLE VII

45. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, and 4 through 44 of the Complaint, as if fully set forth in this Count.

46. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender discrimination under Title VII.

47. Plaintiff is female.

48. Plaintiff was terminated only because of her sex/gender, and would not have been terminated, but for her sex/gender.

49. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

50. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

51. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER TITLE VII

52. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, and 4 through 44 of the Complaint, as if fully set forth in this Count.

53. The acts of Defendant by and through its agents and employees, willfully violated Plaintiff's rights against being retaliated against for opposing gender-based discrimination under Title VII.

54. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal gender-based discrimination and resulted in Plaintiff's retaliatory, unlawful termination, in conjunction with the retaliatory hostile work environment.

55. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. Plaintiff is entitled to recover and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to Title VII.

57. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant for a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII, that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## GENDER BASED DISCRIMINATION IN VIOLATION OF THE FCRA

58. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 44 of the Complaint, as if fully set forth in this Count.

59. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender-based discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

60. Plaintiff is female.

61. Plaintiff was terminated only because of her sex/gender, and would not have been terminated, but for her sex/gender.

62. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff nor good faith basis for terminating Plaintiff based on her gender.

63. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination

through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages,; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat., and provide any additional relief that this Court deems just.

## COUNT IV
## RETALIATION UNDER THE FCRA

67. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 44 of the Complaint, as if fully set forth in this Count.

68. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing gender-based discrimination under Florida Civil Rights Act, Chapter 760, Fla. Stat.

69. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal gender-based discrimination and resulted in Plaintiff's retaliatory, unlawful termination, in conjunction with the retaliatory hostile work environment

70. The illegal conduct of Defendant, its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

72. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

73. Plaintiff has no plain, adequate or complete remedy at law for the actions of

Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; provide any additional relief that this Court deems just.

## COUNT V
## WORKERS' COMPENSATION RETALIATION

74. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 5, 8, 14, and 32 through 44 of the Complaint, as if fully set forth in this Count.

75. On July 13, 2018, Defendant terminated Plaintiff from her employment in violation of Section 440.205, Fla. Stat.

76. Section 440.205 of the Florida Statutes states that: "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

77. On June 21, 2018, Plaintiff suffered a workplace injury and notified Defendant of her need to apply for workers' compensation, and due to Defendant's failure to respond, on June 25, 2018, Plaintiff sought treatment from her own medical provider to treat her workplace injury.

78. Plaintiff applied or attempted to apply for workers' compensation.

79. Eventually, on July 6, 2018, Defendant directed Plaintiff to Defendant's workers' compensation medical provider.

80. Plaintiff was retaliated against immediately following her claim or attempt to claim workers' compensation, and in very short order, on July 13, 2018, was terminated as a direct result of her entitlement to such benefits.

81. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay, potential punitive damages (which will be requested separately via appropriate motion during, or at the completion of discovery), declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated this 23rd day of October, 2020

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*